Russell, J.
The, Village of Elmira Heights, New York, appeals from an order of the Supreme Court dismissing an application for an order prohibiting John L. Fiester, as Che-mung County Treasurer (William Gl. Yungstrom, successor), from taking testimony in relation to the value and location of personal property owned by the Bendix Aviation Corporation, and to compel the County Treasurer to distribute the franchise tax in accordance with petitioner’s construction of section 218 of the Tax Law (as said section read prior to amendment by L. 1946, chs. 302, 308; section added by L. 1944, ch. 415, and amd. by L. 1944, ch. 756; formerly Tax Law, § 219-h).
The manufacturing plant of the Bendix Aviation Corporation (successor to the Eclipse Machine Company) is situated entirely within the town of Horseheads, county of Chemung. Part of the plant is in the village of Elmira Heights and part is outside the village in the town of Horseheads.
The corporation paid a franchise tax to the State of New York during the quarter ending June, 1944. On a basis of its tax return the comptroller certified to the Chemung County Treasurer that the town and the village were entitled to participate in $133,478.02 of said tax and directed that the same be distributed pursuant to section 218 of the Tax Law.
Upon receipt of the comptroller’s certificate, the County Treasurer mailed a notice to the municipalities entitled thereto advising them that the comptroller’s report was on file in his office. Objections were filed on behalf of the town and a date for a hearing on said objections was set by the County Treasurer. The hearing was postponed pending the decision of the application herein mentioned.
The petitioner-appellant contends that the distribution of the tax depends solely on the tax ratio and that if the franchise tax money is to be distributed between the village and the town solely on the basis of the taxes raised in the village and the town then any evidence as to the location of the personal property of the corporation is immaterial.
The respondent contends that the distribution of the tax must be made both on the basis of the location of the tangible personal property of the corporation and on the ratio of taxes raised in the town and village.
In the proceeding only the first four subdivisions of section 218 of the Tax Law are in question. Said subdivisions read as follows;
*156 “1. If the corporation owns or uses in its business tangible personal property, as shown by its report pursuant to section two hundred eleven, in but one city or town of the state, such payment shall be made to the county treasurer of the county in which such city or town is located.
“ 2. If the corporation owns or uses in its business. tangible personal property in more than one city or town of the state, as shown by its report pursuant to section two hundred eleven, such payment shall be made to the county treasurers of the counties in which such cities or towns are located in the proportions that the average monthly value of such tangible personal property in the cities and towns of each county bears to the average monthly value of all such tangible personal property within the state.
“ 3. If the corporation does not own or use in its business tangible personal property within the state, such payment shall be made to the county treasurer of the county in which is located the office at which its principal financial concerns within the state are transacted.
“4. In making such payment to a county treasurer, the comptroller shall indicate the portion thereof to be credited to any city or town within the county on account of the location therein of its principal financial office or property as determined by the preceding subdivisions, and if such' principal financial office or property is located in a village shall indicate the village in which it is located; if such principal financial office or property is located in a city or in a town outside of a village, the whole of such portion shall be paid to such city or town as hereinafter provided; if such principal financial office or property is located in a village, there shall be paid to such village as hereinafter provided such a part of the entire amount credited to the town as the entire amount of taxes raised by said village, or portion thereof in said town, during the preceding calendar year for village and town purposes bears to the aggregate amount so raised by the town and village during the preceding calendar year for town and village purposes.”
The statute provides that, if the property is located in a town outside of a village the whole of such portion shall be paid to such town. (§ 218, subd. 4.)
Where the property is located in a village there shall be paid to such village “ * * * such a part of the entire amount credited to the town as the entire amount of taxes raised by *157 said village * * * bears to the aggregate amount so raised by the town and village during the preceding calendar year for town and village purposes.” (§ 218, subd. 4.)
There seems to be in the statute no clear directive to meet the situation which we have here, namely — where part of the property is situated in the village and part in the town outside the village, but in the same town as the village. We must, therefore, look not only to subdivision 4, but to the wording of other subdivisions in section 218 in order to find a method that will govern the distribution upon the facts in this matter. The first part of subdivision 4 refers to the portion to be credited to any city or town on account of the location of property as determined by the preceding subdivisions.
In the preceding subdivision 2 we find that where there is tangible personal property of a corporation in more than one city or town of the State, payment is made in the proportions that the value of tangible personal property in the cities and towns bears to the value of all such tangible personal property within the State.
In this proceeding we do not have a city and a town to consider, nor do we have more than one city or town, but since we have the property located in a village and a town the same method should be employed to arrive at the amount to be distributed as if the property were located partly in a city and partly in a town, or partly in more than one city, which is by the value of the tangible personal property in each location, except that the amount to be distributed to the village must be made pursuant to the ratio of taxes raised in the town and village.
The town would be entitled to such portion of the franchise tax moneys on the ratio that the amount of property in the town bears to the total amount of corporate property. The balance, after said amount is deducted, should be prorated by the village and the town in accordance with the ratio of taxes raised in the town and village. The village would receive such portion of the balance above stated as the amount of taxes raised by said village bears to the aggregate amount so raised by the town and village. The residue of said balance properly belongs to the town. Although the statute is not clear as far as the situation in this proceeding is concerned, still by this method the apparent intent and object of the Legislature is promoted. (People v. Ahearn, 196 N. Y. 221, 231.)
*158 The comptroller in this proceeding did not certify to the county treasurer the portion to be credited to the village and the town. In the proceeding objections were filed and it, therefore, became the duty under section 218 of the Tax Law for the county treasurer to hold hearings to determine the validity of such objections and make a determination. Such determination becomes final unless a proceeding is commenced to review said determination. When no proceeding to review is instituted, the treasurer is empowered to distribute and dispose of the money in question. It, therefore, follows that upon said hearings the county treasurer should ascertain the amount of the corporate property in the village and the amount in the town. The power of the county treasurer to distribute and dispose of the money in question is clearly delegated to him by the Legislature.
The order appealed from should be affirmed.
Hill, P. J., Heffernan, Brewster and Poster, JJ., concur.
Order that the county treasurer was to take proof affirmed, with $50 costs.
The taxes derived from personal property located in the town of Horseheads and outside the village of Elmira Heights belong solely to the town of Horseheads. The taxes derived from personal property located in the village of Elmira Heights are to be divided between that village and the town of Horse-heads in accordance with the provisions of subdivision 4 of section 218 of the Tax Law.